UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DEAN EVERARD and
KATIE BLEACHER                                            **COMPLAINT**
                     Plaintiffs,

      -against-                                      **Jury Trial**

ALEX MUSTELLER, EDWARD PASS,
2775 OWNERS CORP., CENTURY MGMT.
SERVICES, INC.,

                     Defendants.
------------------------------------------------------------X

      The Plaintiffs, Dean Everard and Katie Bleacher, by their Attorneys, Pawar Law Group PC, as their Complaint against the Defendants, hereby allege as follows:

### JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this action pursuant to 42 U.S.C. Section 1332.

2. The Court has personal jurisdiction over the Defendants and venue is proper in this District in that the claims arise in this Judicial District where the Defendant's principal place of residence and principal place of business is located and where they regularly conduct business.

### INTRODUCTION

3. The Plaintiffs, Dean Everard and Katie Bleacher, are natural persons, residents of the State of Connecticut and co-owners of and were formerly a residents of co-operative apartment unit 6D located at 2575 Palisades Avenue, Riverdale, New York 10046.

4. The Defendant, Alex Musteller, is a natural person, residing in Bronx County,

1

State of New York, at co-operative apartment unit (7D), 2575 Palisades Avenue, Riverdale, New York 10461.

5. The Defendant, Edward Pass, is a natural person, residing in Bronx County, State of New York, at Cooperative apartment 7D, 2575 Palisades Avenue, Riverdale, New York 10461.

6. The co-operative apartment unit owned and/or occupied by Defendants, Alex Musteller and Edward Pass, is located above the apartment unit which is owned by and was formerly occupied by the Plaintiffs, Dean Everard and Katie Bleacher.

7. Upon information and belief, the Defendant, 2775 Owners Corp is a New York ("Owners") general business corporation with its principal place of business at 2775 Palisades Avenue, Riverdale, New York 10461.

8. The Defendant, 2775 Owners Corp manages the several co-operative apartment units, land, building and improvements known as Riveredge Apartments, including co-operative unit 6D at 2575 Palisades Avenue, Riverdale, New York.

9. Upon information and belief, the Defendant Century Management Services ("Century") is a New York general business corporation with its principal place of business at 440 Ninth Avenue, New York, New York 10001.

10. Upon information and belief, defendant Century was the managing agent of the cooperative apartment building located at 2575 Palisades Avenue, Riverdale, New York 10461.

11. The common stock involving ownership of co-operative unit 6D at 2575 Palisades Avenue, New York, New York ("subject premises" or "apartment unit") is held in the name of the Plaintiffs Dean Everard and Katie Bleacher, as is the proprietary lease for said cooperative unit.

12. This action has been commenced by the Plaintiffs to recover for the damages to their co-operative unit caused by the failure of the Defendants to properly maintain and protect the premises; for a judgment in a sum sufficient to reimburse the Plaintiffs for the cost and expenses to remediate the water damage to their apartment unit; for the cost and expense to remediate the resulting mold conditions in their apartment unit; for living expenses for the period of time that Plaintiffs could not reside in their apartment unit, for consequential damages; and for counsel fees, costs and expenses for the prosecution of this proceeding.

## AND AS FOR A FIRST CAUSE OF ACTION

13. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs of this complaint as if fully set forth herein.

14. That on or about March 2016, due to the negligence of the Defendants, a water leak emanating from a broken or burst water pipe within the walls of the apartment unit occupied by Defendants, Alex Musteller and Edward Pass, and in the building maintained and managed by the Defendant, 2775 Owners Corp, intruded into the Plaintiff's apartment unit, causing water damage, mold, mildew and resulting odors.

15. Upon information and belief, the failure of the Defendant, 2775 Owners Corp. and Century to properly maintain the premises, in violation of paragraphs "2" and "3" of the terms and conditions of parties proprietary lease was the proximate cause of the water intrusion and resulting damage to the Plaintiff's apartment unit.

16. The Defendant 2775 Owners Corp. and Century had actual notice of the fact that the aforementioned water leak had breached the ceiling and walls into the Plaintiff's apartment unit and caused a water leak into Plaintiff's apartment unit.

17. The Defendant, 2775 Owners Corp. and Century, procrastinated, waited and

delayed in taking any action to remediate the water damage to the Plaintiffs' apartment unit and failed and neglected to promptly protect against repair and remediate the Plaintiffs' apartment unit and caused mold to form in their apartment unit.

18. The aforementioned conditions caused the Plaintiffs in 2016 to move out of their apartment unit and reside elsewhere pending the repair and remediation of the conditions set forth herein. Said premises are still uninhabitable.

19. That an inspection of Plaintiffs' apartment unit disclosed the existence of a hazardous and life-threatening mold condition therein, all caused by the aforementioned water intrusion; said inspection disclosed the presence of high levels of mold spores due to the water damage and water leakage that Defendant 2775 Owners Corp failed to promptly remediate.

20. That as a consequence of said dangerous mold condition, it will be necessary to remove and dispose of Plaintiffs' kitchen cabinets, remove the wall cabinets, replace sheetrock, Hepa vacuum surfaces, clean and disinfect surfaces, wet scrape to remove the paint and topcoat of plaster walls, replace and/or repair floors, and after all water intrusion areas are remediated, install new cabinets and walls and repaint the affected areas.

21. That as a result of the mold conditions in their apartment unit, the Plaintiffs could have suffered respiratory related illnesses, skin rashes, fatigue and headaches.

22. The Defendant 2775 Owners Corp. and Century had actual notice of the water damage to Plaintiffs' apartment unit and failed and neglected to expeditiously act, failed to maintain Plaintiffs' apartment in good repair, failed to prevent additional damage, and failed to manage the building as a first-class apartment building.

23. The Plaintiffs' proprietary lease required Defendant 2775 Owners Corp. and Century to keep Plaintiffs' apartment building in good repair and maintained as a first-class apartment building. It failed to do so and continues to fail to do so.

24. That the Defendant, 2775 Owners Corp., Century and Defendants Alex Musteller and Edward Pass owe a duty to the Plaintiffs to reimburse Plaintiffs for the cost to remediate the water damage and mold conditions in their apartment; to pay for all costs associated with the removal of water damage and/or costs to repair and to remediate the conditions in Plaintiff's apartment unit, for the costs of Plaintiffs alternative living arrangements and for all consequential costs and expenses.

25. The Plaintiffs fully performed all of their obligations as tenants and lessors in the premises.

26. That by reason of the above, Plaintiffs have been damaged a sum in excess of one hundred thousand ($100,000.00) dollars, in an amount to be determined at a trial.

## AS AND FOR AS A SECOND CAUSE OF ACTION

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs of this complaint as if fully set forth herein.

28. The Defendant, 2775 Owners Corp., as Lessor, and Century breached the terms and provisions of the parties' proprietary lease which provided that the Plaintiffs as Lessee, upon paying their rent and performing the covenants and complying with the conditions on their part, shall at all times during the terms granted, quietly have, hold and enjoy their apartment without trouble or hindrance by the Lessor.

29. The Plaintiffs fully performed all of their obligations as tenants and lessees in the premises.

5

30. That by reason of the above, Plaintiff's have been damaged in a sum in excess of one hundred thousand ($100,000.00) dollars, in an amount to be determined at a trial.

## AS AND FOR AS A THIRD CAUSE OF ACTION

31. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs of this complaint as if fully set forth herein.

32. The Plaintiffs have duly requested that the Defendant 2775 Owners Corp. and Century perform all necessary services and repairs to make Plaintiff's apartment unit 6D fully habitable and safe.

33. The Plaintiffs have refused to make any monthly maintenance payments to the Defendants, 2775 Owners Corp. and Century, for the periods of time that their apartment unit 6D remains unsafe, unrepaired and uninhabitable, but in good faith the Plaintiffs are escrowing a sum of money equal to those payments.

34. The Defendant, 2775 Owners Corp. and Century, have improperly assessed the Plaintiffs for late fees due to Plaintiffs justified refusal to pay monthly maintenance fees.

35. The Defendant 2775 Owners Corp. and Century have improperly passed on to the Plaintiffs said corporation's legal fees, costs and expenses.

36. The Defendant 2775 Owners Corp. and Century, without the consent or knowledge of the Plaintiff, in bad faith, and without proper judicial process, caused JPMorgan Chase Bank, the holder of Plaintiff's mortgage, to advance to 2775 Owners Corp. from Plaintiff's account, the sum of eighteen thousand five hundred fifty-five dollars and eighty-five cents ($18,555.85), said sum becoming a lien upon Plaintiff's common stock and proprietary lease.

37. The Defendant, 2775 Owners Corp. and Century have improperly harassed and threatened to evict the Plaintiffs because Plaintiffs have justifiably refused to pay monthly maintenance charges, late fees, and Defendant's legal fees.

38. The Defendant, 2775 Owners Corp. and Century should bear its own counsel fees and costs and should not be permitted to pass these expenses to the Plaintiff.

39. Any such fees being passed on to the Plaintiffs are unconscionable and will unjustly enrich the Defendant, 2775 Owners Corp. and Century.

40. The Defendant 2775 Owners Corp. and Century should be prohibited and enjoined from passing on its legal fees and expenses to Plaintiffs.

41. The Defendant, 2775 Owners Corp. and Century should be required to remit back to the Plaintiffs any of Plaintiffs monies advanced to it by JPMorgan Chase Bank.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants as follows:

(a) On the First Cause of Action, for counsel fees and expenses and a sum of money not less than one hundred thousand ($100,000.00) dollars; and

(b) On the Second Cause of Action for counsel fees and expenses and a sum of money not less than one hundred thousand ($100,000.00) dollars; and

(c) On the Third Cause of Action, vacating any liens, fees and costs assessed against the Plaintiffs; prohibiting and enjoining the Defendant 2775 Owners Corp. and Century from passing on to the Plaintiffs it legal fees, costs and expenses, prohibiting and enjoining the Defendant 2775 Owners Corp. and Century

7

from harassing the Plaintiffs, and for an Order requiring the Defendant 2775 Owners Corp. and Century to remit and return to the Plaintiff any monies advances from JPMorgan Chase Bank; for counsel fees and expenses; and

(d) As to All Cause of Action, punitive damages as determined by the jury; and,

(e) The expenses, fees, costs and disbursements of this action; and,

(f) Such other and further relief as to the Court deems just and proper.

Dated: New York, New York
June 29, 2018

        Yours, etc.

        Pawar Law Group, PC
        *Attorneys for Plaintiff*
        20 Vesey Street – Suite 1210
        New York, New York 10007

        by _____
            Vik Pawar (VP9101)